Case Style: Latoya Moultrie. VS. FYR SFR Borrower
Court: Four Apellet Court
Appeal Number: 2413837H
District Court Docket Number: 124CV03958SEG

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Motion for Reconsideration

Dear Honorable Clerk of Court,

I, Latoya Shanah Moultrie the Appellant in the above-captioned case, hereby submit this Motion for Reconsideration in relation to the decision of the lower court regarding an illegal eviction without due process. The details of the case are as follows:

1. On November 18, 2024, the lower court Superior Court of Cobb County state of Georgia issued a decision that allowed for my eviction from the premises without due process of law. The eviction was conducted December 22, 2024 in violation of my rights as a tenant and without proper legal justification.

2. The lack of due process in the eviction proceedings deprived me of my right to a fair hearing and the opportunity to present a defense. I was not provided with notice of the eviction proceedings, nor was I given the chance to be heard before being forcibly removed from the premises.

3. The decision of the lower court failed to consider the violations of my constitutional rights and the legal errors that occurred in the eviction proceedings. I believe that a reconsideration of the decision is necessary to correct these errors and ensure that justice is served.

4. I respectfully request that this Honorable Court grant this Motion for Reconsideration and review the decision of the lower court in light of the new evidence and legal arguments presented in this appeal.

5. I am prepared to present additional evidence and arguments in support of this Motion for Reconsideration, if so requested by the Court.

Therefore, I respectfully request that this Motion be granted and that the Court take necessary action to reconsider the decision of the lower court in light of the legal errors and violations of my rights that occurred in the eviction proceedings.

Thank you for your attention to this matter.

Sincerely,


Latoya Shanah Moultrie

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURES AND STATEMENTS

Case Style: Latoya Shanah Moultrie.
VS. FYR SFR Borrower and all others
Court: Four Apellet Court
Appeal Number: 2413837H
District Court Docket Number: 124CV03958SEG

In compliance with FRAP 32(g)(1), the undersigned parties hereby certify that the following interested persons and corporate disclosures have been made in connection with the above-referenced case:

1. Plaintiff : pro se Latoya Shanah Moultrie -
   Address: 9057 SW. 19th St. miramar, FL 33025.
   Relationship to the Case: plaintiff in the case

2. Matthew Franklin Totten. Relationship to the case Defendant: for the violation of title 18 USC subsection 242 and 241 also the crime of racketeering 18 USC subsection, 1961 -1968 , and securities fraud Section 1348 of Title 18 is the federal securities fraud statute. Under 18 U.S.C. Section 1348, the DOJ can pursue criminal charges for two separate offenses: (i) fraud involving registered securities; and, (ii) obtaining money or property by false pretenses.

Address: 2090 Dunwoody Club Dr. Suite 106-33

The Totten firm LLC
2090 Dunwoody Club Dr. Suite 106-33
   Relationship to the Case: Defendants: for the violation of title 18 USC subsection 242 and 241 also the crime of racketeering 18 USC subsection, 1961 -1968

3. progress Residential LLC.

Address: 2658 holcomb Bridge Rd. Suite 118 Alpharetta, GA 30022.

Relationship to the Case, Defendants : for the violation of title 18 USC subsection 242 and 241 also the crime of racketeering 18 USC subsection, 1961 -1968

> Judge Robert Leonard          70 Haynes St., Marietta, GA 30090 relationship to the case, the lower court judge that resided and gave ruling for orders to pursue eviction also Defendant: for the violation of title 18 USC subsection 242 and 241 , violation of oath of office also the crime of racketeering 18 USC subsection, 1961 -1968

> Mimi Scaljon Esq.  70 Haynes St., Marietta, GA 30090 assistant staff attorney to Judge Robert Leonard, assuring and assigning party to authorizing signer orders of pursuit of Eviction

also a Defendant: for the violation of title 18 USC subsection 242 and 241 also the crime of racketeering 18 USC subsection, 1961 -1968 . ,conspiring to commit.

> Amended to include
> Now also to all of Cobb County sheriffs department officers and/or sheriffs that executed backing authorizing orders to be followed, and finalized taking part-in the illegal eviction process by forcing my family out from the premises, sergeant J Young badge number 12030 also sheriff C. Dee's badge number 18053 also sheriff Montgomery badge number 18024

relationship to the case, Defendants Cobb County sheriffs department headquarters for the violation of title 18 USC subsection 242 and 241 , of privacy Any officer or employee of an agency, who by virtue of his employment or official position, has possession of, or access to, agency records which contain individually identifiable information the disclosure of which is prohibited by this section or by rules or regulations established thereunder, and who knowing that disclosure of the specific material is so prohibited, willfully discloses the material in any manner to any person or agency not entitled to receive it, shall be guilty of a misdemeanor and fined not more than $5,000." 5 U.S.C. § 552a(i)(1).

"Any officer or employee of any agency who willfully maintains a system of records without meeting the notice requirements of subsection (e)(4) of this section shall be guilty of a misdemeanor and fined not more than $5,000." 5 U.S.C. § 552a(i)(2).

"Any person who knowingly and willfully requests or obtains any record concerning an individual from an agency under false pretenses shall be guilty of a misdemeanor and fined not more than $5,000." 5 U.S.C. § 552a(i)(3).

Comment:

*The Privacy Act allows for criminal penalties in limited circumstances.*

An agency official who improperly discloses records with individually identifiable information or who maintains records without proper notice, is guilty of a misdemeanor and subject to a fine of up to $5,000, if the official acts willfully. Similarly, any individual who knowingly and willfully obtains a

record under false pretenses is guilty of a misdemeanor and subject to a fine up to $5,000. These provisions are solely penal and create no private right of action. See <u>Palmieri v. United States</u>, 896 F.3d 579, 586 (D.C. Cir. 2018) (concluding that plaintiff's complaint "erroneously mixes and matches criminal and civil portions of the Privacy Act" by seeking redress under 5 U.S.C. § 552a(g)(1) for an alleged violation of 5 U.S.C. § 552a(i)(3)); <u>Jones v. Farm Credit Admin.</u>, No. 86-2243, slip op. at 3 (8th Cir. Apr. 13, 1987); <u>Unt v. Aerospace Corp.</u>, 765 F.2d 1440, 1448 (9th Cir. 1985) finding claim against private corporation under § 552a(i) was futile, as it provides for criminal penalties only and because information obtained was about that corporation and not individual);
also the crime of racketeering 18 USC subsection, 1961 -1968
address :185 Roswell St.,, Northeast Marietta GA 30060


We certify that the above information is true and accurate to the best of my knowledge and belief.

Date:

_____

Signature of Plaintiff

_____

United States Court of Appeals for the Eleventh Circuit

Latoya Shanah Moultrie
Plaintiff

Case # 24138374

FYR SFR Borrower LLC
And all others
Defendants

Date December 27, 2024

Motion to invoke criminal charges due to violation of oath violation of constitutional liberty under the fourth, fifth and seventh amendment violation of title, 18 U.C.C subsection 241 and 242 deprivation of rights collusion also securities fraud

Judge Robert D Leonard, II has administrated my Estate, without consideration, or consent from the original signer, executor, also known as assignee assigner /assert for settlement, returned for rent due Engaging in organized, corruption of securities, fraud, for the soul purpose, benefit of profit Within the civil maritime, commercial monetary fiduciary responsibility court, case 23100627
action Bought forth breaching, federal laws and violations also violating constitutional protected liberties of due process and without residue returned by granting final summary judgment securities fraud within all instruments finalize within judgment. Hidden within the power of the business corporation.

Therefore, I respectfully request that this Motion be granted and that the Court take necessary action to issue an injunction preventing the landlord from proceeding with the eviction pending the

resolution of the appeal.

Thank you for your attention to this matter.

Sincerely,


Latoya Shanah Moultrie

Rule 27. Motions
COMMITTEE NOTES ON RULES—2002 AMENDMENT
Subdivision (a)(3)(A). Subdivision (a) (3)(A)
presently requires that a response to a motion be filed within 10 days after service of the motion. Intermediate Saturdays, Sundays, and legal holidays are counted in computing that 10-day deadline, which means that, except when the 10-day deadline ends on a weekend or legal holiday, parties generally must respond to motions within 10 actual days.

**U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)**

Lateya Shanah Moultrie vs. FYR SFR Borrower Progress Residential and All others    Appeal No. 24/3837H

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. *(Please type or print legibly)*:

FYR SFR Borrower, Matthew Franklin Totten, The Totten firm LLC, Progress Residential LLC, Judge Robert Leonard II, mimi Scaljon Esq., cobb County Sheriffs department and officers J young Dodge # 12030 Sheriff C. Dee's badge # 18053 Sheriff montgomery badge # 18024 cobb county District Attorney Sonya F Allen

Submitted by:
Signature: _____
Name: _____    Prisoner # (if applicable): _____
Address: _____
Telephone #: _____

PLEASE ENSURE DOCUMENT IS SIGNED

Rev.: 2/23