*U.S. COURT OF APPEALS RECEIVED CLERK — OCT 16 2025 — ATLANTA, GA*

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

Latoya Shanah Moultrie vs. FYR SFR Borrower Progress Residential and All others   Appeal No. 24-13837-H

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. *(Please type or print legibly)*:

FYR SFR Borrower, Matthew Franklin Totten, The Totten firm LLC, Progress Residential LLC, Judge Robert Leonard II, Mimi Scaljon Esq., Cobb County Sheriffs department and officers J Young Dodge #12030 Sheriff C. Dec's badge #18053 Sheriff Montgomery badge #18024 Cobb county District Attorney Sonya F Allen

Submitted by:
Signature: ___
Name: ___   Prisoner # (if applicable): ___
Address: ___
Telephone #: ___

PLEASE ENSURE DOCUMENT IS SIGNED

Rev.: 2/23

Latoya Shanah Moultrie
Plaintiff
[Date December 27, 2024

FYR SFR Borrower LLC
And all others
Defendants

Clerk of Court
United States Court of Appeals for the Eleventh Circuit

Motion for Injunction -
Case No.
2413837H

Dear Honorable Clerk of Court,

I, Latoya Shanah Moultrie , the Appellant in the above-captioned case, hereby submit this Motion for Injunction in relation to an illegal eviction without due process given by the lower courts. The details of the case are as follows:

1. On December 22, 2024, the lower court superior Court judge, Robert Leonard issued a decision that allowed for my eviction from the premises without due process of law. The eviction was conducted in violation of my rights as a tenant and without proper legal justification.

2. The lack of due process in the eviction proceedings deprived me of my right to a fair hearing and the opportunity to present a defense. I was not provided with notice of the eviction proceedings, nor was I given the chance to be heard before being forcibly removed from the premises.

3. The illegal eviction has caused irreparable harm to me, as I have been deprived of my home and possessions without any lawful basis. I am at risk of further harm if the eviction is allowed to proceed without proper review by this Court.

4. I respectfully request that this Honorable Court grant an Injunction to prevent the landlord from proceeding with the eviction until the legal issues surrounding it are resolved on appeal. An injunction is necessary to preserve the status quo and prevent further harm pending the outcome of

the appeal.

5. I am prepared to present additional evidence and arguments in support of this Motion for Injunction, if so requested by the Court.

Therefore, I respectfully request that this Motion be granted and that the Court take necessary action to issue an injunction preventing the landlord from proceeding with the eviction pending the resolution of the appeal.

Thank you for your attention to this matter.

Sincerely,


Latoya Shanah Moultrie



COMMITTEE NOTES ON RULES—2002 AMENDMENT
Subdivision (a)(3)(A). Subdivision (a) (3)(A)
presently requires that a response to a motion be filed within 10 days after service of the motion. Intermediate Saturdays, Sundays, and legal holidays are counted in computing that 10-day deadline, which means that, except when the 10-day deadline ends on a weekend or legal holiday, parties generally must respond to motions within 10 actual days.

Case Style: Latoya Moultrie.

VS.

FYR SFR Borrower

Court: Apellet Court

Appeal Number: 2413837H

District Court Docket Number: 124CV03958SEG

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Motion for Emergency Relief

Dear Honorable Clerk of Court,

I, Latoya Shanah Moultrie, the Appellant in the above-captioned case, hereby submit this Motion for Emergency Relief in relation to an illegal eviction without due process given by the lower courts. The details of the case are as follows:

1. On April 8, 2024, the lower court superior Court of Cobb county state of Georgia issued a decision that allowed for my eviction from the premises without due process of law. The eviction was conducted on December 22, 2024 in violation of my rights as a tenant and without proper legal justification.

2. The lack of due process in the eviction proceedings deprived me of my right to a fair hearing and the opportunity to present a defense. I was not provided with notice of the eviction proceedings, nor was I given the chance to be heard before being forcibly removed from the premises.

3. The illegal eviction has caused immediate and irreparable harm to me, as I have been deprived of my home and possessions without any lawful basis. I am currently at risk of becoming homeless as a result of the illegal eviction.

4. I respectfully request that this Honorable Court grant Emergency Relief to prevent further harm and to ensure that my rights are protected. Immediate action is necessary to prevent irreparable harm and to provide me with the relief needed to address the illegal eviction.

5. I am prepared to present additional evidence and arguments in support of this Motion for Emergency Relief, if so requested by the Court.

Therefore, I respectfully request that this Motion be granted and that the Court take necessary action to provide emergency relief to prevent further harm and address the immediate consequences of the illegal eviction.

Thank you for your attention to this matter.

Sincerely,


Latoya Shanah Moultrie



COMMITTEE NOTES ON RULES—2002 AMENDMENT

Subdivision (a)(3)(A). Subdivision (a)(3)(A) presently requires that a response to a motion be filed within 10 days after service of the motion. Intermediate Saturdays, Sundays, and legal holidays are counted in computing that 10-day deadline, which means that, except when the 10-day deadline ends on a weekend or legal holiday, parties generally must respond to motions within 10 actual days.