UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

MEMORANDUM TO COUNSEL OR PARTIES
**Appeal No.:** 24-13837-HH
**Case Style:** *FYR SFR Borrower, et al. v. Latoya Moultrie*
**District Court Docket No.:** 1:24-cv-03958-SEG



## BRIEFING

### STATEMENT OF ISSUES

**Issue 1:**
Whether the Superior Court violated Appellant's due process rights by converting her transferred counterclaim into a new eviction proceeding, failing to adjudicate the counterclaim, and authorizing eviction orders without proper jurisdiction or notice.

**Issue 2:**
Whether the federal district court erred by failing to rule on Appellant's I Latoya Shanah Moultrie motions—including motions alleging constitutional violations, federal statutory violations, and improper conduct by opposing parties—which constituted a denial of meaningful access to the courts.

**Issue 3:**
Whether the federal district court erred by allowing the Clerk to separate Appellant's I Latoya Shanah Moultrie case into two dockets, denying consolidation, and remanding the case despite unaddressed jurisdictional defects, irregular service, and opposing counsel's acknowledged bad-faith conduct.

**Issue 4:**
Whether the eviction executed on December 25, 2024 was unlawful where service was defective, the writ dated outside the permissible time frame, and even sheriff personnel expressed uncertainty about its legality.

Issue 5:
Whether cumulative procedural errors, irregularities, and judicial bias—across Magistrate Court, Superior Court, and Federal District Court—require reversal, vacatur, or remand for proper adjudication.

## SUMMARY OF ARGUMENT

This appeal arises from a series of fundamental procedural irregularities and constitutional violations spanning state and federal courts. Appellant i Latoya Moultrie initially prevailed in Magistrate Court, where the eviction was dismissed and the matter transferred to Superior Court solely to adjudicate her counterclaim. The Superior Court, however, never placed the counterclaim on calendar. Instead, without due process, it reconverted the matter into a new eviction proceeding and issued orders resulting in the resumption of eviction actions without jurisdiction or factual basis.

Because of these constitutional violations, Appellant removed the matter to federal court. There, the Clerk improperly divided the single case into two separate dockets, causing confusion and procedural prejudice. Appellant's i Latoya Moultrie motions—including motions raising constitutional claims, alleged statutory violations, and challenges to jurisdiction—were never addressed. The district court denied consolidation, overruled my objections, and dismissed my case in full without resolving any of the issues I Latoya Moultrie raised. The court later instructed Appellant I Latoya Moultrie to file an amended complaint even after dismissing the case, further underscoring the procedural inconsistencies.

Meanwhile, eviction proceedings continued based on defective service and expired writs. Also, federal court judge falsely stating that I Latoya Moultrie never entered in a writ of stay Despite the sheriff's acknowledgment that the paperwork appeared invalid, on the first attempt to execute eviction three days after Labor Day in the month of September Lieutenant sheriff stopped, executing on the eviction paperwork, but on the second attempt with the same defective paperwork deputies ultimately executed an eviction on December 20, 2024, removing Appellant and her family from the property without lawful authority.

These actions deprived Appellant of due process, denied meaningful access to the courts, ignored jurisdictional safeguards, and subjected her to an unlawful eviction. The cumulative effect of these violations requires reversal, vacatur, or remand for proper adjudication consistent with the Constitution and procedural rules.

Argument. 1.) **THE DISTRICT COURT DENIED APPELLANT DUE PROCESS BY FAILING TO RULE**

ON HER MOTIONS, IGNORING SUBSTANTIVE FILINGS, AND ALLOWING THE CLERK TO SPLIT THE CASE INTO TWO DOCKETS

A. The district court failed to rule on multiple properly filed motions, depriving Appellant I Latoya Moultrie of meaningful access to the courts.

Throughout the federal proceedings, Appellant filed numerous motions raising constitutional issues, statutory questions, procedural defects, and jurisdictional concerns. These filings included:
- motions alleging deprivation of rights under **18 U.S.C. §§ 241–242**,
- motions referencing potential **RICO-related conduct** under **18 U.S.C. §§ 1961–1968**,
- motions asserting conduct described under **18 U.S.C. § 1348**,
- motions raising concerns related to **Privacy Act § 552a(i)**,
- a **Motion for Seventh Amendment Tribunal**,
- a **Motion to Consolidate** after the clerk improperly created a second case number,
- and formal **Objections** to the magistrate judge's recommendation.

The district court **did not rule on or acknowledge** these filings before entering a dispositive dismissal order.

This failure alone constitutes reversible due-process error.

Argument Section II: Due Process Violations in State Magistrate & Superior Court? A. Magistrate Court dismissal in Appellant's I Latoya Moultrie favor should have resolved the dispute, but Superior Court failed to address the counterclaim.

1. Appellant initially prevailed in **Magistrate Court**, where the eviction filed by FYR SFR Borrower, Havenbrook Homes, and Progress Residential was **dismissed.**
2. The Magistrate Court explicitly transferred the case to **Superior Court** for adjudication of Appellant's **counterclaim**, which sought damages exceeding $450,000 for breach of contract, equity, and mental anguish.
3. Despite the clear instruction to address the counterclaim, **Superior Court never placed the counterclaim on the calendar**, effectively denying Appellant Latoya Moultrie the opportunity to pursue my claims.

"Due process requires notice and a meaningful opportunity to be heard."
*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).
By failing to schedule or consider the counterclaim, the Superior Court **denied**

**Appellant I Latoya Moultrie my fundamental right to be heard.**

### B. Superior Court improperly reconverted the matter into a new eviction proceeding.

    1.    Instead of addressing the transferred counterclaim, the Superior Court—under **Judge Robert Leonard II**—recast the matter as an entirely new eviction process.

    2.    This transformation effectively **nullified Appellant's Latoya Moultrie victory** in Magistrate Court and undermined the judicial decision transferring the case to adjudicate the counterclaim.

    3.    The court allowed opposing counsel to process continuances and move forward with eviction while **Appellant's I Latoya Moultrie counterclaim remained unaddressed.**

This procedural step violated due process by depriving Appellant i Latoya Moultrie of **a meaningful hearing** on her counterclaim,
- the right to **challenge procedural defects**, and
- the ability to prevent the resumption of eviction actions without proper notice or jurisdiction.

### C. Defective service and improper timing compounded the denial of due process.

    1.    Eviction notices issued by Superior Court were **defective in service and timing.**
- The eviction notice was dated **November 18, 2024**, but Appellant was not served at that time. also never given a seven day notice or a 24 hour notice with hosted stuck on front door at no point.
- Service did not occur until **December 20 2024**, when Cobb County sheriffs forcibly evicted Appellant I Latoya Moultrie and my family, despite unresolved procedural challenges.

    2.    Deputies attempted to verify the legality of the eviction and **acknowledged irregularities**, including improper dates and lack of jurisdictional clarity.

    3.    Even so, the eviction was executed, violating Appellant I Latoya Moultrie rights to proper notice and a fair hearing.

"No person shall be... deprived of life, liberty, or property, without due process of law."
*U.S. Const. amend. XIV, §1.*

The unlawful eviction is therefore a direct consequence of the Superior Court's failure to follow procedural safeguards.

---

**D. Judicial bias and procedural irregularities further deprived Appellant I Latoya Shanah Moultrie of due process.**

1. Judge Leonard and his assistant attorney, **Mimi Scaljon, Esq.**, authorized orders to proceed with eviction with explicit intent, while ignoring Appellant Latoya Moultrie motions and counterclaims.
2. Evidence shows that Superior Court allowed **prosecuting attorneys and opposing counsel to proceed without addressing Appellant's i Latoya Moultrie filings**, demonstrating a **pattern of favoritism** toward the opposing party.
3. The Superior Court's repeated failure to calendar the counterclaim and proceed with eviction proceedings **without adjudicating Appellant I Latoya Moultrie claims** constitutes structural bias and systemic due process violations.

---

**E. The cumulative effect of Magistrate and Superior Court errors deprived Appellant of a meaningful opportunity to litigate.**

1. Magistrate Court ruled in Appellant's I Latoya favor; Superior Court ignored the transfer order and transformed the case into a new eviction.
2. Defective notice, improper timing of writs, and the court's refusal to address counterclaims **prevented Appellant I Latoya Moultrie from exercising her legal rights**.
3. These cumulative errors violate both the **Georgia Constitution** and the **Due Process Clause of the Fourteenth Amendment**, warranting reversal and remand.

*See Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970) (due process requires an opportunity to be heard at a meaningful time and in a meaningful manner).

**Unlawful Eviction Based on Procedural Defects**

**III. THE EVICTION WAS UNLAWFUL DUE TO PROCEDURAL DEFECTS, IMPROPER SERVICE, AND EXECUTION OUTSIDE LEGAL PARAMETERS**

**A. Defective service violated Appellant I Latoya Moultrie right to notice and a fair hearing**

1. The writ of possession issued by the Superior Court was dated **November 18,**

**2024**, but Appellant was **not served at that time**, and the notice was not posted on the property.

    2.    Proper service of process is a fundamental component of due process. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

    3.    Appellant did not receive actual notice until **December 20, 2024**, when sheriffs arrived at her residence, **more than a month after the date on the writ**.

Service outside the legally authorized timeframe renders any resulting eviction invalid. See *O.C.G.A. § 44-7-50 et seq.*

## B. The writ of possession was executed improperly by the Cobb County Sheriff's Office

    1.    Deputies acknowledged procedural irregularities prior to execution:
- Officers **contacted federal courts and the Cobb County District Attorney's Office** to verify the validity of the writ.
- District Attorney **Sonya F. Allen declined to intervene**, leaving deputies in a position of uncertainty.

    2.    Even though officers questioned the legality of the writ, the eviction was carried out anyway, forcibly removing Appellant I Latoya Moultrie and her family from the property.

This execution without verified legal authority constitutes **deprivation of property without due process**.

## C. Timing and context of the eviction exacerbated harm

    1.    The eviction occurred on **December 20, 2024**, during the Christmas holiday, **shortly before Appellant's latoya Moultrie daughter's 14th birthday** on December 25 Christmas day

    2.    Appellant I Latoya Moultrie a personal property was placed on the side of the road, creating irreparable harm and hardship.

    3.    Courts recognize that procedural irregularities in eviction proceedings are **particularly prejudicial when they cause immediate and irreparable loss of property or family stability forcibly leaving my family homeless with nowhere to go**
- See *Walker v. City of Birmingham*, 388 U.S. 307, 318 (1967).

### D. The eviction disregarded statutory and local procedural requirements

1. Under Georgia law and Cobb County rules, eviction must comply with:
   - Proper **notice periods**,
   - Correct **writ issuance**, and
   - Timely **execution** by law enforcement.
2. In this case:
   - Notice was not posted,
   - Writ was dated outside allowable timeframes, and
   - Execution occurred without verification or compliance with statutory prerequisites.

These failures render the eviction **null and void**, as it was conducted outside lawful procedure.

### E. Summary: procedural defects compounded the deprivation of rights

1. The defective service, improper writ, and wrongful execution **combined to deprive Appellant I Latoya Moultrie of both her home and due process rights**.
2. Sheriff involvement, coupled with the court's inaction on counterclaims and motions, demonstrates a **systemic failure** of procedural safeguards.
3. The cumulative effect requires that the eviction be vacated and Appellant be restored to her legal position pending adjudication applicant Latoya Moultrie counterclaim

## IV. STRUCTURAL JUDICIAL BIAS AND CUMULATIVE PROCEDURAL ERRORS DEPRIVED APPELLANT Latoya Moultrie OF DUE PROCESS

### A. Judicial bias in state and federal courts

1. Appellant experienced repeated **partiality and favoritism** by both state and federal judicial officers:
   - **Judge Robert Leonard II (Superior Court)** authorized eviction proceedings while ignoring Appellant's counterclaim and motions, demonstrating **prejudicial disregard for her rights**.
   - **Judge Sarah E. Geraghty (Federal Court)** overruled Appellant's motion to consolidate over my objection, ignore my motion for relief, also ignoring my

notice of address changed to the clerk of courts to communicate a change of address, sending the court documents to the address of 5026 Hawthorne Court with the full knowledge that the eviction process have been executed upon , two clerically separated cases and dismissed her filings without ruling on substantive motions, despite noting the opposing counsel's **bad-faith actions.**

2. The Eleventh Circuit recognizes that judicial bias—particularly when it results in **systematic denial of a litigant's procedural rights**—violates due process.

   • *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," but repeated refusals to address properly filed motions or clear evidence of favoritism may indicate structural bias).

3. In this case, **bias is evident not from a single decision**, but from a pattern:
   • Ignoring motions and counterclaims
   • Allowing opposing counsel to proceed unchecked
   • Reopening cases after dismissal
   • Denying consolidation after clerical errors dismissing the case calling it feverous

These actions collectively demonstrate a **systemic disregard for Appellant's Latoya Moultrie rights.**

---

B. Cumulative procedural failures compound due process violations

1. Appellant Latoya Moultrie due process rights were violated across **three judicial levels:**
   • **Magistrate Court:** initially ruled in Appellant's i Latoya Moultrie favor but failed to prevent subsequent procedural irregularities.
   • **Superior Court:** transformed the counterclaim into a new eviction proceeding, ignored motions, and issued defective writs.
   • **Federal Court:** split the case into two dockets, refused consolidation, failed to rule on substantive filings, and dismissed the case without addressing objections or motions.

2. Courts have consistently held that **cumulative procedural failures can constitute structural error** requiring reversal, even if individual errors might otherwise be considered harmless.
   • *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (multiple procedural defects can undermine the fairness of judicial proceedings).

3. The **compounding of errors**—judicial bias, clerical mishandling, ignored motions, defective service, and unlawful eviction—resulted in a **complete denial of procedural safeguards** guaranteed under the Constitution.

---

### C. Appellant I Latoya Moultrie was effectively denied access to justice

1. The failure of courts to address motions, counterclaims, and objections **blocked I Latoya Moultrie from exercising her right to be heard**, a core component of due process.
   - *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (meaningful access to the courts is a fundamental constitutional right).

2. Defective eviction procedures compounded this denial, resulting in the **loss of property, family stability, and personal belongings**, all without proper judicial review or adjudication.

3. The combined effect of state and federal judicial inaction demonstrates **structural denial of justice**, which is reversible on appeal.

---

### D. Relief sought is warranted due to structural and cumulative errors

Given the **pattern of bias, refusal to rule on motions, clerical errors, defective service, and unlawful eviction**, Appellant requests that this Court:

1. **Reverse the district court's dismissal,**
2. **Vacate the unlawful eviction,**
3. **Remand the case for proper adjudication of all counterclaims and motions,** ensuring that Appellant receives meaningful access to the courts, and
4. **Ensure compliance with procedural and due process safeguards** at all stages of the proceedings.

The cumulative impact of judicial bias and procedural failures is not merely technical—it **substantially prejudiced Appellant's rights**, warranting appellate intervention.

## CONCLUSION

For the foregoing reasons, Appellant i Latoya Moultrie respectfully requests that this Court:

1. **Reverse the District Court's dismissal** of Appellant's Latoya Moultrie case in its entirety,
2. **Vacate the unlawful eviction** carried out by Cobb County authorities,
3. **Remand the case** for adjudication of Appellant's counterclaims, motions, and previously filed **Motion for Relief**, which was dismissed or overruled by the federal district court,
4. **Award relief in an amount the Court deems just,** including **$950,000 or such amount as the Court finds appropriate**, for damages and punitive damages arising from:
   - Mental anguish, harm, and hardship suffered by Appellant and her family,
   - Deprivation of property and rights,
   - Non-due process and procedural irregularities, and
5. Ensure that all filings, including the **Motion for Seventh Amendment Tribunal**, motions invoking federal statutes, and other substantive filings, are properly considered and adjudicated on remand.

The cumulative procedural failures, structural judicial bias, defective service, and unlawful eviction deprived Appellant of her constitutional rights to due process, meaningful access to the courts, and fair adjudication. Full appellate review and corrective relief are therefore warranted to remedy these violations and prevent further injustice.

## STATEMENT OF THE CASE AND FACTS

### A. Parties and Case Background

Appellant, **Latoya Moultrie,** is a tenant who occupied property previously managed by Havenbrook Homes and Progress Residential. Defendants in this appeal include **FYR SFR Borrower LLC, Matthew Franklin Totten, The Totten Firm LLC, Progress Residential LLC, Judge Robert Leonard II, Mimi Scaljon, Esq., Cobb County District Attorney Sonya F. Allen,** and various officers of the Cobb County Sheriff's Department.

Defendants have been alleged to have engaged in **racketeering (18 U.S.C. §§ 1961–1968), violations of civil rights (18 U.S.C. §§ 241–242), securities fraud (18 U.S.C. § 1348), and breaches of privacy under 5 U.S.C. § 552a(i)**.

Appellant I Latoya Moultrie initially filed my case in **Magistrate Court**, seeking relief for unlawful eviction, breach of contract, and damages related to mental anguish and deprivation of rights.

## B. Magistrate Court Proceedings

1. In **2023**, Appellant I Latoya Moultrie received an eviction notice from Havenbrook Homes/Progress Residential.
2. Appellant demonstrated that she **did not owe any money** to Havenbrook Homes or Progress Residential.
3. Evidence was presented showing **lack of standing**, as there was no executed lease or wet-ink contract with Progress Residential after property management transitioned.
4. Appellant also contacted the **City of Smyrna Marshalls**, resulting in a property inspection that found **unsafe conditions**, further supporting her claims.
5. The Magistrate Court **dismissed the eviction** and transferred the case to Superior Court to adjudicate Appellant's **counterclaims**, which sought damages in excess of $450,000 for mental anguish, breach of contract, and equitable relief.

## C. Superior Court Proceedings

1. Upon transfer, **Judge Robert Leonard II** reconverted the case into a **new eviction proceeding**, failing to place Appellant's counterclaim on the calendar.
2. **Assistant Attorney Mimi Scaljon** authorized continuation of eviction orders, allowing opposing counsel to request continuances without addressing Appellant's motions.
3. Defective and untimely eviction notices were issued, with the official writ dated **November 18, 2024**, but service did not occur until **December 25, 2024**.

Appellant and her family were forcibly removed from the property during the Christmas holiday, resulting in loss of property and extreme hardship.

## D. Federal Court Proceedings

1. Appellant I Latoya Moultrie filed for **removal to federal court** under **federal question jurisdiction**, asserting violations of 18 U.S.C. §§ 241–242, racketeering statutes, and deprivation of rights.
2. The **federal district court** exhibited procedural bias:

- Appellant's motions—including the **Motion for Seventh Amendment Tribunal**, motions invoking federal statutes, and **Motion for Relief**—were **dismissed or overruled without ruling on substantive merits**.
- Clerical errors split the case into **two separate dockets**, and **Judge Sarah E. Geraghty** denied consolidation, further obstructing Appellant's ability to proceed.

3. The federal court's inaction, coupled with the state court's prior errors, **denied Appellant meaningful access to the courts**.

---

### E. Unlawful Eviction and Resulting Harm

1. Despite pending motions and unresolved counterclaims, the Cobb County Sheriff's Department executed the eviction improperly:
   - Deputies acknowledged defects in the writ and attempted to verify the legality of the eviction.
   - The Cobb County District Attorney declined to intervene, leaving Appellant without recourse.
2. Appellant and her family suffered **loss of residence, personal property, and severe emotional and financial hardship**.
3. These events constitute **direct and ongoing violations** of Appellant's constitutional rights to due process, fair hearing, and protection against unlawful seizure of property.

---

### F. Motion for Relief and Requested Damages

1. Appellant previously filed a **Motion for Relief** in federal court seeking compensatory and punitive damages for:
   - Mental anguish and emotional suffering,
   - Harm and hardship caused by unlawful eviction, and
   - Deprivation of rights and non-due process.
2. This motion was **dismissed or overruled** by the federal district court without ruling on the substantive merits.
3. Appellant I Latoya Moultrie seeks this Court's review and remand to allow proper adjudication of damages, including **$950,000 or such amount deemed appropriate by the Court**.

## G. Summary

Appellant has faced a **pattern of procedural violations, judicial bias, defective service, and unlawful eviction**, and a defamation of character compounded by repeated failures in both state and federal courts. These facts form the basis for my appeal and establish the need for **reversal, vacatur of the eviction, remand, and proper adjudication of counterclaims** not one but two based upon the victories and magistrate court and damages.

*[Signature]*

Demcber 4, 20025

*[Signature]*
Sheri L Koenig

*[Notary Seal: SHERI L KOENIG, NOTARY PUBLIC, COBB COUNTY, GEORGIA, MY COMMISSION EXPIRES SEPTEMBER 05, 2026]*

12/04/2025