RAIL

U.S. COURT OF APPEALS
RECEIVED
CLERK
OCT 07 2026
ATLANTA, GA

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

Appeal No. 24-13837-HH

FYR SFR BORROWER, LLC, et al., Appellees,

v.

LATOYA SHANAH MOULTRIE, Appellant.

District Court Docket No. 1:24-cv-03958-SEG

# APPELLANT'S RENEWED MOTION TO REINSTATE APPEAL AND TO ACCEPT APPENDIX

Appellant Latoya Shanah Moultrie, proceeding pro se, respectfully moves this Court to reinstate and reopen the above-captioned appeal and submits the accompanying Appendix to cure the filing deficiency previously identified by the Clerk's Office.

1. Appellant previously submitted a motion requesting reinstatement of this appeal.

2. Appellant was advised that the prior reinstatement submission was deficient because the required Appendix had not been submitted.

3. Appellant subsequently contacted the Clerk's Office to clarify the document required for the appeal to proceed.

4. The Clerk's Office advised Appellant that an Appendix was the document that needed to accompany the reinstatement request.

5. Appellant now submits the accompanying Appendix, including an index and the record materials identified therein, to cure that deficiency.

6. Appellant has made a good-faith effort to comply with the Court's filing requirements and the instructions provided by the Clerk's Office.

7. Appellant has previously submitted the Certificate of Interested Persons and Corporate Disclosure Statement and the substantive appellate filings identified in the docket.

8. This renewed motion is narrowly directed to curing the missing Appendix and requesting that the appeal be reinstated and permitted to proceed. Appellant does not seek through this motion to reargue the merits of the appeal.

9. The Appendix is organized by tab so that the Court may readily identify the relevant record materials.

10. Appellant respectfully requests that the Court accept the Appendix as curing the deficiency previously identified and reinstate Appeal No. 24-13837-HH.

11. To the extent the Court requires any additional procedural step concerning the Appendix or reinstatement, Appellant respectfully requests notice and an opportunity to comply.

WHEREFORE, Appellant Latoya Shanah Moultrie respectfully requests that this Court:

1. GRANT this Renewed Motion to Reinstate Appeal;

2. ACCEPT the accompanying Appendix as curing the previously identified filing deficiency;

3. REINSTATE AND REOPEN Appeal No. 24-13837-HH;

4. Permit the appeal to proceed on the appellate issues previously presented by Appellant; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

______________________________<br/>Latoya Shanah Moultrie<br/>Appellant, Pro Se<br/>Address:
________________________________________<br/>Telephone:
_______________________________________<br/>Email:
___________________________________________<br/>Date:
___________________________________________

CERTIFICATE OF SERVICE

I certify that on ____________________, 2026, I served a true and correct copy of the foregoing Appellant's Renewed Motion to Reinstate Appeal and to Accept Appendix, together with the accompanying Appendix, upon all parties or counsel of record in accordance with the applicable Federal Rules of Appellate Procedure and Eleventh Circuit procedures.

______________________________<br/>Latoya Shanah Moultrie<br/>Appellant, Pro Se

X 10/07/26

SHERI L KOENIG
NOTARY PUBLIC
MY COMMISSION EXPIRES SEPTEMBER 05, 2030
COBB COUNTY, GEORGIA

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Appeal No. 24-13837-HH
FYR SFR BORROWER, LLC, et al., Appellees,
v.
LATOYA SHANAH MOULTRIE, Appellant.
District Court Docket No. 1:24-cv-03958-SEG

# APPENDIX

Submitted in Support of Appellant's Renewed Motion to Reinstate Appeal
and to Cure the Previously Identified Filing Deficiency

Appellant: Latoya Shanah Moultrie
Pro Se

# INDEX TO APPENDIX

The Appendix should contain copies of the actual record documents available to Appellant. Complete page references after the documents are assembled. Documents should be reproduced as filed; do not alter dates or wording within previously filed documents.

| Tab | Document | Page(s) |
|---|---|---|
| A | Eleventh Circuit order/docket document concerning prior dismissal or reinstatement | ____ |
| B | Appellant's previously filed Motion to Reinstate Appeal | ____ |
| C | Order disposing of prior Motion to Reinstate Appeal | ____ |
| D | District Court docket sheet / relevant docket entries | ____ |
| E | District Court judgment or dispositive order | ____ |
| F | Magistrate Court order dismissing and/or transferring the underlying proceeding | ____ |
| G | Relevant Superior Court order(s) concerning the transferred counterclaim | ____ |
| H | Appellant's counterclaim(s) | ____ |
| I | Writ of Possession dated November 18, 2024 | ____ |
| J | Proof/Return of Service, if contained in the record | ____ |
| K | Sheriff's documentation concerning execution of eviction on December 20, 2024 | ____ |
| L | Federal removal / initial federal filing | ____ |
| M | Motion to Consolidate | ____ |
| N | Order concerning Motion to Consolidate | ____ |
| O | Objections to Magistrate Judge's Recommendation | ____ |
| P | Motion for Relief | ____ |
| Q | Motion for Injunction dated December 27, 2024 (case number appearing on document should be preserved as filed) | ____ |
| R | Affidavit of Truth concerning eviction and resulting harm (preserve as filed) | ____ |
| S | Notice of Change of Address | ____ |
| T | Relevant federal orders/docket entries concerning service or address | ____ |
| U | Other record materials directly relevant to reinstatement and the issues on appeal | ____ |
| V | Photograph depicting household furniture and personal property outside the residence | Exhibit |
| W | Contemporaneous approximately 17-minute video recording; December 20, 2024, approximately 9:22 a.m. | Electronic media / direction request |

# APPENDIX ASSEMBLY NOTES

1. Insert the actual copies of the record documents behind the corresponding tab.

2. Complete the page ranges in the Index after the Appendix has been assembled.

3. The November 18, 2024 writ should be included if it is part of the record and relied upon.

4. The official sheriff's documentation should be used to establish the actual eviction date. Appellant states that the eviction occurred on December 20, 2024 at approximately 9:22 a.m.

5. Previously filed documents containing a December 22, 2024 reference should be reproduced exactly as filed. Do not edit those documents inside the Appendix.

6. The Motion for Injunction supplied by Appellant bears case number 1:24-cv-01923-SEG. That docket number should be preserved exactly as it appears unless the Court record establishes otherwise.

7. The contemporaneous video is approximately 17 minutes long. This paper Appendix identifies the recording, but the recording itself should be submitted electronically or in another form only if the Clerk's Office directs or permits that method.

8. The photograph in Tab V is a supporting photograph supplied by Appellant. If it was not part of the District Court record, do not describe it as though it were previously filed in the District Court; identify it accurately if the Court permits its submission.

9. Follow any specific quantity, cover, tab, or electronic-submission instruction given by the Clerk's Office for this particular case.

# TAB V — PHOTOGRAPHIC EXHIBIT

Photograph depicting household furniture and personal property outside the residence.

This photograph's file metadata does not itself establish the date/time. Appellant relies on the contemporaneous video and official record for the date/time.



# TAB W — CONTEMPORANEOUS VIDEO RECORDING

Approximately 17-minute video recording

December 20, 2024 — approximately 9:22 a.m.

Description: Appellant states that the contemporaneous recording depicts events at the residence during the execution of the eviction, including the presence/activity of sheriff's personnel and the placement/removal of Appellant's personal property outside the residence.

The original recording is maintained by Appellant. The recording was not successfully uploaded in this chat and is therefore not embedded in this paper document. Appellant will preserve the original file and will submit or provide it in the manner directed by the Clerk or Court, if required.

This exhibit description is not offered as a substitute for the original recording and does not alter the contents of any previously filed document.